***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Argued and submitted March 13, 2023, affirmed August 9, 2023

In the Matter of the Compensation of
Elvin R. Vilca-Inga, Claimant.

Elvin R. VILCA-INGA,
*Petitioner,*

*v.*

SAIF CORPORATION
and Roses Cattle Company,
*Respondents.*

Workers' Compensation Board
2005820; A177556

Jodie Anne Phillips Polich argued the cause for petitioner. Also on the briefs was Law Offices of Jodie Anne Phillips Polich, P. C.

Beth Cupani argued the cause and filed the brief for respondents.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Claimant seeks judicial review of an order of the Workers' Compensation Board (board) affirming an order of an administrative law judge (ALJ) upholding SAIF's denial of his injury claim. In his assignment of error, claimant contends that the board erred in concluding that his claim was not compensable because it did not arise out of his employment. For the following reasons, we conclude that the board did not err and affirm.

"We review the board's order upholding the denial of claimant's claim for errors of law and substantial evidence." *Bruntz-Ferguson v. Liberty Mutual Ins.*, 310 Or App 618, 619, 485 P3d 903 (2021) (citing ORS 656.298(7), ORS 183.482(7), (8)).

Claimant experienced abdominal pain while working in the mountains as a sheepherder. The following day, he notified his employer about the pain and was taken to a local clinic and then to a hospital approximately 90 miles away. Claimant had an appendectomy for acute appendicitis with a perforation (abdominal condition). After SAIF denied claimant's workers' compensation claim, the ALJ upheld the denial and determined that claimant's abdominal condition did not arise out of his employment because there was "no evidence in the record that the trip to the local clinic and 90-minute drive to the hospital caused his complications from the appendicitis."

The board adopted and affirmed the ALJ's order. In rejecting claimant's arguments, the board found that claimant failed to meet his burden of proof because the record lacked any medical evidence that his abdominal condition was caused by his work activities or his work environment. On judicial review, claimant renews the arguments that he made to the board—that his geographically remote work environment "exposed him to an increased risk or extent of harm due to delay caused in obtaining medical care resulting in his appendix rupturing and developing complications of that rupture."

We conclude that the board did not err in determining that claimant failed to prove that his abdominal condition

arose out of his employment. *See Phil A. Livesley Co. v. Russ*, 296 Or 25, 28, 672 P2d 337 (1983) ("The worker has the burden of proving that the injury arose out of and in the course of employment."). "This court has construed the phrase 'arising out of' to mean that a workplace injury must be a material contributing cause of disability or the need for medical treatment in order to be compensable." *Schleiss v. SAIF*, 354 Or 637, 643, 317 P3d 244 (2013).

We understand claimant to argue that his appendicitis and its complications were "neutral risks" and that his remote work location increased the likelihood of those complications. "Regardless of the category of risk, however, to meet the threshold for the 'arising out of' prong, there must be a causal connection between the injury and the employment." *Bruntz-Ferguson*, 310 Or App at 626. As relevant here, the Supreme Court has explained that an appendicitis attack that occurs while an employee is working does not arise out of employment because "[t]here was no causal connection between the work and the attack." *Clark v. U.S. Plywood*, 288 Or 255, 260, 605 P2d 265 (1980); *see also Livesley*, 296 Or at 29 (same). Therefore, claimant bore the burden of connecting his abdominal condition to his remote work environment. *See Redman Industries, Inc. v. Lang*, 326 Or 32, 36, 943 P2d 208 (1997) ("A causal connection must be linked to a risk connected with the nature of the work or a risk to which the work environment exposed claimant.").

Although claimant acknowledges that no evidence relates his abdominal condition to his work activities, he asserts that the record shows that his geographically remote work environment increased the likelihood of his abdominal condition by delaying his access to treatment. The record does not support claimant's assertions. In his deposition, the physician who performed claimant's Independent Medical Evaluation testified that it was not uncommon for individuals to seek treatment approximately one day after symptoms begin—as claimant did here—and that "no specific risk factor[s]" are associated with a ruptured appendix. Moreover, the physician testified that he could not determine when claimant's appendicitis began, when his appendix ruptured, or whether his appendix would have ruptured if he had

sought medical treatment sooner. Claimant did not submit any medical testimony to the contrary that supported his position, nor did he explain how the existing evidence leads to a decision in his favor.

In light of the foregoing, we conclude that the record allows a reasonable person to find that the record lacks evidence of a causal link between claimant's abdominal condition and his remote work environment. Therefore, the board's findings are supported by substantial evidence. *See* ORS 183.482(8)(c) ("Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding."). Further, the board's conclusion that the claim did not arise from claimant's employment is supported by substantial reason because it logically followed the board's findings of fact. *See Bruntz-Ferguson*, 310 Or App at 619 ("In reviewing for substantial evidence, we also review the board's order for substantial reason, which requires us to determine whether the board provided a rational explanation of how its factual findings lead to the legal conclusions on which the order is based."). The board did not err.

Affirmed.